IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARTINA SQUIRE et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. GLR-25-168 |
| NEWREZ LLC d/b/a Shellpoint Mortgage Servicing, | * | |
| | * | |
| Defendant. | | |

***

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant Newrez LLC d/b/a Shellpoint Mortgage Servicing's ("Newrez") Motion to Dismiss (ECF No. 2). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2023). For the reasons set forth below, the Court will grant the motion.

## I.   BACKGROUND

**A.   Factual Background**[1]

Self-represented Plaintiffs Martina Squire and Carolyn Gibson allege that, as designated by the Last Will and Testament of Neal A. Steve Darden, they are successors in interest to property located at 2218 N. Rosedale Street, Baltimore, MD 21216 (the "Property"). (Pls.' Mot. Stay Foreclosure Pending Investigation ["Compl."] ¶ 1, ECF No. 1-1). In February 2024, Bank of America approved Plaintiffs for a trial loan modification plan. (Id. ¶ 6). Plaintiffs made all monthly required payments of $563.60. (Id.). In June

---

[1] Unless otherwise noted, the Court takes the following facts from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2024, Bank of America transferred the loan to Newrez without Plaintiffs' knowledge. (Id. ¶ 7). Plaintiffs allege that Newrez "failed to properly recognize the Plaintiffs as successors in interest[,]" "refused to acknowledge payments made during the loan modification trial period[,]" and is "falsely claiming that no payments have been made since January 2024." (Id. ¶ 8). Newrez issued a notice of intent to foreclose on the Property on August 8, 2024. (Id. ¶ 9).

Plaintiffs allege that in failing to recognize loan payments and issuing an intent to foreclose on the Property, Newrez violated "RESPA, TILA, and Maryland law governing mortgage servicing and successor rights." (Id. ¶ 11). Plaintiffs seek injunctive relief to stay the foreclosure on the Property pending the outcome of complaints Plaintiffs filed with the Maryland Office of the Commissioner of Financial Regulation and the Consumer Financial Protection Bureau as well as "any other relief that Court deems just and equitable." (Compl. at 3).[2]

**B.    Procedural History**

Plaintiffs filed a Complaint and a Motion to Stay the Foreclosure Pending Investigation in the Circuit Court for Baltimore City, Maryland. (Compl. at 1). On December 30, 2024, the Circuit Court for Baltimore City denied Plaintiffs' request for an injunction "on the grounds that no foreclosure action regarding the subject property has been filed in the Circuit Court for Baltimore City." (Balt. City Circuit Court Order at 1, ECF No. 2-3). Newrez removed the case to this Court on January 16, 2025. (ECF No. 1).

---

[2] Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

Newrez filed a Motion to Dismiss on January 23, 2025 (ECF No. 2). Plaintiffs filed an Opposition on February 25, 2025, (ECF No. 9), and Newrez filed a Reply on March 11, 2025, (ECF No. 10).

The Court will not revisit the Circuit Court's denial of Plaintiffs' requested relief, which remains in full force and effect. See 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

## II.     DISCUSSION

**A.     Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must

allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs, 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see Spencer v. Earley, 278 F.App'x 254, 259–60 (4th Cir. 2008) ("Dismissal of a pro se complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972))). Nonetheless, "liberal construction does not absolve Plaintiff from pleading a plausible claim." Desgraviers v. PF Frederick, LLC, 501 F.Supp.3d 348, 351 (D.Md. 2020) (quoting Bey v. Shapiro Brown & Alt, LLP, 997 F.Supp.2d 310, 314 (D.Md. 2014)).

B.   **Analysis**

1.   **RESPA Claims**

Plaintiffs, without citing to any specific section of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), allege that "Bank of America transferred the loan to [Newrez] without notifying Plaintiffs, violating RESPA laws governing mortgage transfers." (Compl. ¶ 7). Because they fail to identify which sections of RESPA Newrez purportedly violated, Plaintiffs' Complaint does not give Newrez adequate notice of the claims against it. See Sayadian v. Facebook, Inc., No. GLR-15-3339, 2016 WL 192538, at *2 (D.Md. Jan. 15, 2016) (dismissing Complaint where plaintiff failed to identify title numbers for the sections of the law defendant purportedly violated); see also Barnes v. Experian Info. Sols., Inc., No. SAG-22-3347, 2023 WL 6794345, at *2 (D.Md. Oct. 13, 2023).

To the extent Plaintiffs claim Newrez violated the notice requirement of RESPA, those claims fail. Section 2605(c)(1) of RESPA provides: "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer." Plaintiffs claim only that "Bank of America transferred the loan to [Newrez] without notifying Plaintiffs, violating RESPA laws governing mortgage transfers." (Compl. ¶ 7) (emphasis added). Plaintiffs do not allege anywhere in their Complaint that Newrez failed to provide notice of the loan transfer to them. Bank of America is not a defendant in this action.

Further, attachments to Plaintiffs' Opposition reveal that both Bank of America and Newrez provided notice of the loan transfer to Plaintiffs.[3] These attachments include both a letter from Bank of America dated May 11, 2024 notifying Plaintiffs of the loan transfer, (Opp'n at 10), and a letter from Newrez dated June 10, 2024 notifying Plaintiffs of the loan transfer, (Opp'n at 15). Plaintiffs contend that these letters do not suffice as notice because they were sent to an incorrect address. (Pls.'s Request for Hearing at 1, ECF No. 11).[4]

---

[3] While a court may not ordinarily consider extrinsic evidence when resolving a Rule 12(b)(6) motion, see Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC, 794 F.Supp.2d 602, 611 (D.Md. 2011), this general rule is subject to several exceptions. For example, a court may consider documents attached to the complaint, see Fed.R.Civ.P. 10(c), as well as those attached to briefing for the motion to dismiss, so long as they are integral to the complaint and authentic, see Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006). Courts may also consider documents referred to and relied upon in the complaint—"even if the documents are not attached as exhibits." Fare Deals Ltd. v. World Choice Travel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md. 2001). Here, the letters from Bank of America and Newrez concerning the loan transfer and approval are integral to the Complaint, which explicitly references the content and existence of the letters, and there is no dispute as to their authenticity. Accordingly, the Court will consider these documents.

[4] The Court notes that this "Request for a Hearing" also contains arguments in response to Newrez's Reply, which makes this document a surreply. Though surreplies are generally not permitted, see Local Rule 105.2(a), the Court in its discretion may allow a party to file a surreply. EEOC v. Freeman, 961 F.Supp.2d 783, 801 (D.Md. 2013), aff'd in part, 778 F.3d 463 (4th Cir. 2015). This discretion is typically used in the interest of fairness to permit parties to respond to new matters raised for the first time in the opposing parties' reply briefs. See Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003), aff'd, 85 F.App'x 960 (4th Cir. 2004). However, courts have also used this discretion to permit self-represented parties to file surreplies even where no new matters were raised in the reply brief. See Williams v. Bartee, No. CCB-10-935, 2011 WL 2842367, at *2 (D.Md. July 14, 2011) (permitting pro se party to file surreply that does not address new material but also does not "unduly prejudice defendants"), aff'd sub nom. Williams v. Merritt, 469 F.App'x 270 (4th Cir. 2012). Although Newrez did not raise new arguments in its Reply, the Court will construe Plaintiffs' "Request for Hearing" as a Motion to File a Surreply, which it will grant to the extent Plaintiffs seek to file a surreply. The Court finds that because the arguments contained in their Surreply do not change the outcome of its analysis below,

However, this Court has explained that "a servicer may fulfill its obligations under § 1024.33 by mailing a notice of the transfer, containing all required information, to the address specified in the relevant loan documents. Should the borrower seek to change that address, the borrower must do so expressly, and in writing, in compliance with 12 C.F.R. § 1024.11." Richards v. New Rez, LLC, No. ELH-20-1282, 2022 WL 657568, at *15 (D.Md. Mar. 4, 2022). The letters here were mailed to the same address as the letters notifying Plaintiffs of their approval for the trial period payment, which Plaintiffs purportedly received. (Compare Opp'n at 8, 15 with Compl. at 6; see Compl ¶ 6). Plaintiffs have not alleged that they notified either Bank of America or Newrez of their change in address. As such, Plaintiffs have failed to plead a violation of the notice requirement of RESPA.

To the extent Plaintiffs allege that Newrez violated § 2605(e) of RESPA by failing to respond to qualified borrower inquiries, those claims also fail. Plaintiffs do not allege that they submitted a qualified written request to Newrez or that Newrez failed to respond to any such request. See Bowman v. Vantium Cap., Inc., No. 4:13-CV-00063, 2014 WL 109463, at *3 (W.D.Va. Jan. 13, 2014).

Even if Plaintiffs had pled a violation of RESPA, "the remedy for individuals is limited to actual damages . . . or, in the event of a pattern or practice of noncompliance, statutory damages of no more than $2,000." Roberson-Bey v. Dovenmuehle Mortg., Inc.,

---

Newrez will not be unduly prejudiced by them. The Motion will be denied to the extent it seeks a hearing.

7

No. GJH-17-1789, 2018 WL 4538598, at *3 (D.Md. Sept. 21, 2018) (citing 12 U.S.C.A. § 2605(f)(1)). Plaintiffs have not pled either actual damages or statutory damages. (See Compl. at 3). Accordingly, Plaintiffs RESPA claims must be dismissed.

### 2. TILA Claims

Plaintiffs also allege that Newrez violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"). (Compl ¶ 11). Again, Plaintiffs fail to identify any specific provisions of the statute that Newrez has allegedly violated.

TILA requires that, when a mortgage loan is sold or otherwise transferred or assigned to a third party, the new owner or assignee of the debt must notify the borrower within thirty days. 15 U.S.C. § 1641(g)(1). As explained above, Plaintiffs do not make any allegation that Newrez failed to notify them of the mortgage loan transfer. To the contrary, Plaintiffs have actually provided documentation that Newrez notified them of the loan transfer at issue. (See Opp'n at 15); see also Fare Deals Ltd. v. World ChoiceTravel.com, Inc., 180 F.Supp.2d 678, 683 (D.Md.2001) ("When the bare allegations of the complaint conflict with any exhibits or other documents, whether attached or adopted by reference, the exhibits or documents prevail."). Accordingly, the Court will dismiss Plaintiffs' TILA claims.

### 3. Maryland State Law Claims

Plaintiffs also bring claims under "Maryland law governing mortgage servicing and successor rights," but the Complaint fails to identify any specific Maryland law that Newrez allegedly violated. (Compl. ¶ 11). Allegations in a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

8

Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002). Plaintiffs' contention that Newrez violated "Maryland law governing mortgage servicing and successor rights" is not sufficiently specific to give Newrez fair notice of the nature of the claims against it. Bell Atl. Corp., 550 U.S. at 555; see also Bourne v. CVS, No. DLB-22-112, 2022 WL 3644199, at *2 (D.Md. Aug. 23, 2022). Accordingly, the Court will dismiss Plaintiffs' Maryland state law claims.[5]

Because of their pro se status, Plaintiffs shall be afforded the opportunity to file an amended complaint that contains clear and concise factual allegations in compliance with Federal Rule 8(a). At a minimum, Plaintiffs must set out each law allegedly violated by Newrez, specific actions which Newrez took, when such actions took place, and how each action amounted to a violation of the law. As a reminder: an amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001) (quoting Crysen/Montenay Energy Co. v. Shell Oil Co., 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint)). Therefore, the amended complaint required by this Order must include all of the allegations against

---

[5] Plaintiffs Opposition also purports that Plaintiffs bring claims under the Fair Housing Act and for breach of contract. (Opp'n at 2). Plaintiffs cannot amend the Complaint with facts raised in their Opposition. See Mylan Labs., Inc. v. Akzo, N.V., 770 F.Supp. 1053, 1068 (D.Md. 1991) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation omitted). Consequently, the Court will not consider these claims.

Newrez so that it may stand alone as the sole complaint in this action which Newrez must answer. Plaintiffs are forewarned that the failure to file an amended complaint as directed may result in dismissal of this case without prejudice and without further notice.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Newrez's Motion to Dismiss (ECF No. 2). The Court will allow Plaintiffs to file an amended complaint within thirty days of the date of this Order. Should Plaintiffs file an amended complaint, they must identify each of the laws and federal statutes on which this civil action is predicated and what specific acts or omissions by Newrez allegedly violated those laws. A separate Order follows.

Entered this 8th day of April, 2025.

/s/
George L. Russell, III
Chief United States District Judge