UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>Chief United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

October 6, 2025

MEMORANDUM TO PARTIES RE:     Squire, et al. v. Newrez LLC
                               Civil Action No. GLR-25-168

Dear Parties:

Pending before the Court is self-represented Plaintiff Martina Squire's Motion to Remand (ECF No. 16). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2025). For the reasons set forth below, the Court will deny the Motion.

**Background**

The Court explained the facts of this case in its April 8, 2025 Memorandum Opinion:

> Self-represented Plaintiffs Martina Squire and Carolyn Gibson allege that, as designated by the Last Will and Testament of Neal A. Steve Darden, they are successors in interest to property located at 2218 N. Rosedale Street, Baltimore, MD 21216 (the "Property"). (Pls.' Mot. Stay Foreclosure Pending Investigation ["Compl."] ¶ 1, ECF No. 1-1). In February 2024, Bank of America approved Plaintiffs for a trial loan modification plan. (Id. ¶ 6). Plaintiffs made all monthly required payments of $563.60. (Id.). In June 2024, Bank of America transferred the loan to Newrez without Plaintiffs' knowledge. (Id. ¶ 7). Plaintiffs allege that Newrez "failed to properly recognize the Plaintiffs as successors in interest[,]" "refused to acknowledge payments made during the loan modification trial period[,]" and is "falsely claiming that no payments have been made since January 2024." (Id. ¶ 8). Newrez issued a notice of intent to foreclose on the Property on August 8, 2024. (Id. ¶ 9).
>
> Plaintiffs allege that in failing to recognize loan payments and issuing an intent to foreclose on the Property, Newrez violated "RESPA, TILA, and Maryland law governing mortgage servicing and successor rights." (Id. ¶ 11). Plaintiffs seek injunctive relief to stay the foreclosure on the Property pending the outcome of complaints Plaintiffs filed with the Maryland Office of the Commissioner of Financial Regulation and the Consumer Financial

> Protection Bureau as well as "any other relief that Court deems just and equitable." (Compl. at 3).¹
>
> Plaintiffs filed a Complaint and a Motion to Stay the Foreclosure Pending Investigation in the Circuit Court for Baltimore City, Maryland. (Compl. at 1). On December 30, 2024, the Circuit Court for Baltimore City denied Plaintiffs' request for an injunction "on the grounds that no foreclosure action regarding the subject property has been filed in the Circuit Court for Baltimore City." (Balt. City Circuit Court Order at 1, ECF No. 2-3). Newrez removed the case to this Court on January 16, 2025. (ECF No. 1). Newrez filed a Motion to Dismiss on January 23, 2025 (ECF No. 2). Plaintiffs filed an Opposition on February 25, 2025, (ECF No. 9), and Newrez filed a Reply on March 11, 2025, (ECF No. 10).

(April 8, 2025 Mem. Op. ["Mem. Op."] at 1–3, ECF No. 12).

On April 8, 2025, the Court granted Newrez's Motion to Dismiss and allowed Plaintiffs thirty days to file an amended complaint. (Mem. Op. at 10). To date, Plaintiffs have not filed an amended complaint. Squire filed the instant Motion to Remand on June 6, 2025, (ECF No. 16), and Newrez filed an Opposition on June 20, 2025, (ECF No. 18).

**<u>Analysis</u>**

Under 28 U.S.C. § 1141(a)–(c), a defendant may remove a state court action to federal court if the federal court would have original jurisdiction over the action (<u>i.e.</u>, federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332). A party who opposes removal "on the basis of any defect other than lack of subject matter jurisdiction" must file a motion to remand the case within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c). Challenges based on lack of subject matter jurisdiction may be raised "at any time." Fed.R.Civ.P. 12(h)(3).

Here, Newrez filed its Notice of Removal on January 16, 2025. (ECF No. 1). Squire filed the instant Motion to Remand on June 6, 2025, (ECF No. 16), 141 days after Newrez filed the Notice. In her Motion, Squire raises several arguments that boil down to: (1) removal was improper because Plaintiffs filed a motion, not a complaint, in the Circuit Court for Baltimore City and therefore did not initiate a "civil action" that could be removed to federal court, (Mot. at 1–2);²

---

¹ Citations to the page numbers refer to the pagination assigned by the Court's Case Management/Electronic Case Files ("CM/ECF") system.

² Squire also contends that removal was improper because the Circuit Court for Baltimore City closed the case before Newrez filed the Notice of Removal. (Mot. at 1). Newrez asserts, however, that the state court case was not closed at the time of removal and that it has since been "designated as 'Closed' unless and until [it is] remanded to state court." (Mem. Law Opp'n Pl.'s Mot. Remand ["Opp'n"] at 2 n.1, ECF No. 18). The Notice of Removal also states that, at the time the Notice was filed, the action was "pending" in state court, (Removal Notice at 1, ECF No. 1),

and (2) Newrez used removal proceedings improperly to "avoid regulatory oversight," "frustrate justice," and "interfere with ongoing" state agency investigations, (id. at 2–4). These arguments challenge the initiation and purpose of removal, not the Court's subject matter jurisdiction, and are thus time-barred under 28 U.S.C. § 1447(c). Accordingly, the Court will deny Squire's Motion as untimely. See Elrod v. Busch Ent. Corp., No. 4:09CV164, 2010 WL 11701151, at *3 (E.D.Va. Nov. 24, 2010) (denying motion to remand as untimely).

Moreover, even if Squire had challenged the Court's subject matter jurisdiction, because Plaintiffs appeared to have alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"), and the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), against Newrez in their Motion to Stay, (Compl. ¶ 11; see also Removal Notice at 3, ECF No. 1), this Court has subject matter jurisdiction over this action, see 28 U.S.C. § 1331 (district courts have original jurisdiction of actions that arise under federal law).

**Conclusion**

For the foregoing reasons, it is hereby ORDERED that Squire's Motion to Remand (ECF No. 16) is DENIED, and this case shall remain CLOSED. The Clerk shall MAIL a copy of this Order to Squire's address on record. Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

_____/s/_____  
George L. Russell, III  
Chief United States District Judge

---

and there is no indication on the circuit court's order denying the Motion to Stay that the case was closed immediately thereafter, (Circuit Court Balt. City Order at 2, ECF No. 3-5).